UTAH FARM PRODUCTION CREDIT
ASSOCIATION, Plaintiff,

v.

Albert J. DINNER and Robert Amen,
a/k/a Bob Amen, individually and as
co-partners, under the firm name of D
& A Cattle Company, Defendants.

Civ. A. No. C–1061.

United States District Court
D. Colorado.

Aug. 1, 1969.

William J. Cayias and D. Eugene Livingston, Salt Lake City, Utah, and Theodore J. Kuhlman, Denver, Colo., for plaintiff.

Melvin Dinner, Greeley, Colo., for defendants.

## MEMORANDUM OPINION

CHILSON, District Judge.

This matter came on for trial to the Court on July 7 and 8, 1969. After hearing the evidence, the matter was continued for the filing of briefs. The Court is now duly advised.

Plaintiff is a Utah corporation engaged in the business of making livestock and agricultural loans. In January 1966, the plaintiff approved a loan to Mr. and Mrs. Quinn J. Chlarson (Chlarsons) of Honeyville, Utah, for $73,790.00 to be used by the Chlarsons for the purchase of cattle. The loan was evidenced by a promissory note and was secured by a security interest in Chlarsons cattle. The security interest was perfected by filing, on January 13, 1966, a "Financing Statement" with the Secretary of State of Utah pursuant to Title 70A–9–401 of Utah's Uniform Commercial Code. The Financing Statement covered "All Cattle, All Cattle to be branded LC Left Ribs".

With the funds provided by the plaintiff, the Chlarsons purchased a large number of cattle.

On March 31, 1966, one of the defendants, Bob Amen, who had bought cattle from the Chlarsons from time to time over a period of several years, went to Honeyville, Utah, and while there, entered into a written agreement with Quinn Chlarson to purchase approximately 750 head of yearling hereford, angus, and angus-hereford heifers,

branded LC for $23.25 per hundred weight. By the terms of the contract, the cattle were to be delivered to the defendant, D & A Cattle Company at Robertson, Wyoming, between August 29, 1966, and September 15, 1966. Upon the execution of this agreement, the defendants paid Quinn Chlarson $12,000 to apply on the purchase price. The defendants, at that time, were unaware of the plaintiff's security interest in the Chlarson cattle.

In May 1966, there were at the Chlarson place in Honeyville, Utah, in excess of 400 head of hereford, angus, and hereford-angus heifers, and beginning on May 10, 1966, some 400 or more of these heifers bearing brand LC on the left ribs were transported to the Chlarson ranch at Robertson, Wyoming.

On May 18, 1966, the Chlarsons executed for the security of plaintiff, a security agreement and financing statement, pursuant to the Uniform Commercial Code of the State of Wyoming. On June 2, 1966, the plaintiff caused the security agreement to be recorded in the office of the County Clerk and Recorder of Uinta County, Wyoming. The security agreement covered 823 head of hereford-angus heifers branded LC on left ribs.

On or about September 8, 1966, Quinn Chlarson delivered to the defendants at Robertson, Wyoming, 239 head of yearling heifers branded LC on the left ribs.

The Court finds that these heifers were a part of those transported from Honeyville, Utah, to Wyoming in May 1966.

The total contract purchase price of the cattle was $30,862.54 of which $12,000 had been paid, leaving a balance due on the contract at the time of delivery of the cattle of $18,862.54. Prior to receiving the cattle, the defendant, Amen, had been informed that plaintiff claimed to have a lien on the cattle and because of this, the draft for the payment of the balance was made payable jointly to Quinn Chlarson and the plaintiff, and the draft provided that it would not be honored unless it was accompanied by a release of any mortgage or lien covering the livestock described in the draft. The plaintiff never negotiated this draft, and eventually the sum of $18,862.54 was paid by the defendants into the registry of this court, and by court order, paid to the plaintiff.

Admittedly, plaintiff did not receive the $12,000 which the defendants paid to Chlarson in part payment of the purchase price of the cattle. The question for the Court's determination is whether the loss of this $12,000 must be borne by the plaintiff or the defendants.

The key to this question is whether or not the plaintiff, on September 8, 1966, had a perfected security interest in the cattle which was superior to any interest of the defendants as bona fide purchasers.

The plaintiff claims a perfected security interest in the cattle by the financing statement filed in Utah and also by the security agreement and financing statement filed with the County Clerk and Recorder of Uinta County, Wyoming, and that both security interests are superior to any rights of the defendants.

The plaintiffs claim under the Wyoming security agreement is without merit.

Wyoming's Uniform Commercial Code, 34–9–401, provides for the filing of security agreements in the office of the county clerk for the county in which the debtor has his principal place of business, if any, otherwise, his residence.

The section provides further:

"If, however, debtor is not a resident of this state, then the proper place to file is in the office of the Secretary of State of Wyoming."

■ The evidence discloses that the Chlarsons were residents of Honeyville, Utah, and there is no evidence that the plaintiff filed its security agreement and financing statement with the Secretary of State of the State of Wyoming. Consequently, the Wyoming security

agreement and financing statement was not perfected and is not superior to the rights of the defendants as innocent purchasers.

As previously noted, the plaintiff perfected its security interest under the Uniform Commercial Code of the State of Utah. The Court has found that the cattle here in question were transported from the State of Utah to the State of Wyoming within four months of their delivery to the defendants. The Wyoming Uniform Commercial Code, 34–9–103, provides:

"If the security interest was already perfected under the laws of the jurisdiction where the property was when the security interest attached, and before being brought into the state, the security interest continues perfected in this state for four months and also thereafter, if within the four-month period, it is perfected in this state."

The plaintiff's security interest perfected under the laws of the State of Utah is superior to any rights of the defendants as innocent purchasers. This is consistent with the policy of the State of Wyoming, as it was prior to the adoption of the Uniform Commercial Code. In Mosko v. Smith, 63 Wyo. 239, 179 P. 2d 781, it was held that a chattel mortgage properly executed and recorded according to law of the state where the mortgage was executed will, if valid there, be held valid in Wyoming as against creditors and purchasers in good faith unless the transaction contravenes a statute or settled law or policy of the forum. The Wyoming Supreme Court based this rule on the doctrine of comity as between states, and in this case, comity exists for the Utah Uniform Commercial Code and has an almost identical provision to that of the Wyoming Code above quoted.

The Court concludes that the plaintiff is entitled to judgment against the defendants in the amount of $12,000, together with interest thereon at 6% per annum from September 8, 1966, to this date in the amount of $2,086.00 and for the plaintiff's costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.

It is therefore ordered that a judgment forthwith enter in favor of the plaintiff and against the defendants in the amount of $14,086.00, together with the plaintiff's costs to be taxed by the Clerk of this Court upon the filing of a bill of costs.